IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALEX CHRISTIAN GEISSLER,<br><br>Defendant. | CR 15–07–BU–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Alex Christian Geissler's Motion to Terminate Remainder of Supervised Release. (Doc. 78.) On June 29, 2015, this Court sentenced Geissler to a forty-month term of imprisonment followed by a five-year term of supervised release for conspiring to distribute methamphetamine, in violation of 18 U.S.C. §§ 846, 841(b)(1)(A). (Doc. 58.) Geissler indicates that the government takes no position on his motion and instead defers to the judgment of the Court. (Doc. 78 at 2.) The United States Probation Office, however, objects to Geissler's motion based on two violations of the alcohol condition of his supervision. (*Id.*) While the Court appreciates the Probation Office's position, it finds that early termination is warranted in this case.

A court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that

such action is warranted by the conduct of the defendant . . . and in the interest of justice." 18 U.S.C. § 3583(e)(1); *see also* Fed. R. Crim. P. 32.1(c).  Pursuant to § 3553(a), a court should consider the following factors, among others: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" and (2) "the need for the sentence imposed" (a) "to afford adequate deterrence to criminal conduct," and (b) "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Here, as a threshold matter, the Court notes that Geissler is eligible for early termination based on his completion of four years of his five-year term of supervision.  *See* 18 U.S.C. § 3583(e)(1).  The Court understands that Geissler has twice violated the alcohol condition of his supervision, most recently about one year ago.  However, viewing Geissler's conduct holistically, the Court finds the infractions to be relatively minor hiccups in an otherwise exemplary four-year period.

The Court first takes a step back to consider the nature and circumstances of the offense that landed Geissler in prison—and then on supervised release—in the first place.  He was charged and convicted for conspiring to sell methamphetamine with his then-wife, but nothing in the record indicates that anything beyond addiction drove his criminal activity.  Indeed, while he was incarcerated, Geissler completed the 500-hour RDAP program, to include six months of aftercare when

he was released in 2017. Since his release, Geissler has been running his own construction company in Bozeman, Montana. Apart from his two slips with alcohol—once at the beginning of his supervision in 2017 and once in April 2020—Geissler has been fully compliant and evidences a sincere desire to continue to chart a positive course in his post-release life. To that end, Geissler appears to have maintained and fostered close relationships with his family and friends. The Court finds nothing in the record to indicate that continuing Geissler's supervision to its natural conclusion would serve to deter him from future crime, protect the public, or maintain the healthy and productive path he currently treads. In sum, the Court agrees that early termination is warranted by Geissler's conduct since release and is in the interest of justice.

Accordingly, IT IS ORDERED that the motion (Doc. 78) is GRANTED. Geissler's term of supervised release is TERMINATED, effective immediately. The Clerk of Court shall notify the United States Probation Office of the making of this Order.

DATED this 6th day of April, 2021.

_____
Dana L. Christensen, District Judge
United States District Court